IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VINCENT MICHAEL COLE, #406981 * <br>     Plaintiff, <br> v.                           *    CIVIL ACTION NO. PWG-14-2787 <br><br> BALTIMORE CITY POLICE       * <br>   DEPARTMENT (NORTHEAST) <br> OFC. GARCIA                         * <br>     Defendants. <br>                                ***** | |

## MEMORANDUM

### I. Background

On September 2, 2014, plaintiff Vincent Michael Cole ("Cole") filed a complaint against the Baltimore City Police Department ("Department") and Police Officer Garcia[1] pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated when he was arrested in October of 2011, without probable cause and was subject to false imprisonment in a detention facility. He seeks compensatory damages of $140,000.00.

Defendant Garcia filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and Defendant Department filed a motion to dismiss or, in the alternative, motion for summary judgment, which has been construed as a motion for summary judgment. ECF Nos. 6, 13 & 14. Plaintiff filed oppositions. ECF Nos. 11, 12 & 17. Defendant Garcia filed a reply. ECF No. 15. The motions may be resolved on the filings and shall be granted without oral hearing. *See* Local Rule 105.6 (D. Md. 2014).

---

[1] Garcia is not listed as a party in the caption of the complaint, but is named as a defendant in the body of the complaint. Compl. 8, ECF No. 1.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo,* No. RDB–12–237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States,* 120 F.3d 472, 474 (4th Cir. 1997). However, this court "need not accept the legal conclusions drawn from the facts, and . . . need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 253 (4th Cir. 2009) (internal quotation marks and citation omitted).

The Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen,* 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). The Supreme Court's decision in *Twombly* articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal,* 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim). Second, a complaint must be dismissed if it does not

allege a "plausible" claim for relief. *Id.* at 678–79 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"[A] district judge has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.' " *Sager v. Hous. Comm'n,* 855 F.Supp.2d 524, 542 (D. Md. 2012) (quoting 5C Charles Alan Wright et al., *Federal Practice & Procedure* § 1633, at 159 (3d ed.2004, 2011 Supp.)) "This discretion 'should be exercised with great caution and attention to the parties' procedural rights.' In general, courts are guided by whether consideration of extraneous material 'is likely to facilitate the disposition of the action,' and 'whether discovery prior to the utilization of the summary judgment procedure' is necessary." *Id.*

Summary judgment is proper when the moving party demonstrates through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro,* 714 F.3d 828, 833 (4th Cir. 2013). If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material facts. *See Celotex v. Catrett,* 477 U.S. 317 (1986). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986).

The "judge's function" in reviewing a motion for summary judgment is not "to weigh the

evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. If "the evidence is such that a reasonable jury could return a verdict" for the non-moving party, there is a dispute of material fact that precludes summary judgment. *Id.* at 248. Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial. *Id.* at 256.

## III. Discussion

### Facts

The facts set out in Cole's unverified complaint, ECF No. 1, are summarized here. On the morning of October 2, 2011, while driving on a number of errands, Cole and a female acquaintance arrived at her home only to be confronted by her ex-boyfriend (Daven Pace), against whom a restraining order had been issued. Cole states that they drove off and arrived back at the house that night and were again confronted by the ex-boyfriend who was "drunk, loud and mad," threw food, and later "grabbed [Cole's] shirt and swung something at [Cole's] face," causing him injury. Cole claims he was forced to defend himself and the police were called, leading to his arrest in the early morning of October 3, 2011. He contends that Pace was arrested several days later for violating the restraining order.

The thrust of Cole's § 1893 civil rights complaint is that he was subjected to false imprisonment, as he was arrested without probable cause. He also claims, without providing a factual basis, that he was subjected to conditions constituting cruel and unusual punishment and in violation of his equal protection rights when Defendants breached their duty and engaged in tortious conduct.

In his motion to dismiss, defendant Garcia relies on Cole's complaint to claim that he had probable cause to arrest Cole on an assault charge as upon his arrival on the scene Cole and Pace

were engaged in a physical fight. He argues that in Maryland, self-defense is an affirmative defense as opposed to a bar from prosecution by invalidation of probable cause. Garcia further claims that Cole is barred from filing a tort claim because of his non-compliance with the Local Government Tort Claims Act ("LGTCA"), which requires that a local government and its employees be notified of the claim within 180 days after the injury. ECF No. 6.

In his opposition Cole generally disputes the motion to dismiss "due to material facts to be determined by the fact finder..." ECF No. 11. In addition, he seemingly claims that he complied with LGTCA requirements as Internal Affairs for the Department was made aware of the false arrest issue. ECF No. 12. Cole further concludes that the state court fact finder determined that there was insufficient probable cause as his case was dismissed by the State's attorney. *Id.*

Defendant Department claims that a § 1983 cause of action may not proceed against it because no underlying constitutional violation has been stated against Officer Garcia and it may not be found liable under a respondeat superior theory. ECF No. 13. The Department provides the verified official incident, arrest, and laboratory reports, along with the probable cause statement related to the physical altercation between Cole and Pace and Cole's arrest on second-degree assault. Defs.' Exs., ECF No. 14.

**Legal Analysis**

I will treat the pending motion as a summary judgment motion, and review the exhibits attached to the filings. According to the reports and statement of probable cause, upon his arrival at the location, Officer Garcia observed that Daven Pace was suffering from multiple lacerations to his neck, face and torso. An investigation revealed that Cole and Pace were involved in a physical altercation arising from an argument. During the fight, Cole produced a knife and began to cut Pace. Pace identified Cole as the person who cut him with a knife (a box cutter). Incident Report, Defs.'

5

Exs. At no point does Cole dispute the veracity of the statement of charges. He acknowledges engaging in an altercation albeit, in his own words, "to defend himself" against Pace.

"[T]he Fourth Amendment right to be arrested only on probable cause is clearly established...." *Smith v. Reddy*, 101 F.3d 351, 356 (4th Cir. 1996). As a general rule, in cases involving a seizure of a person, the standard of "reasonableness" typically is satisfied by a showing that the police had probable cause to conclude that the individual seized was involved in criminal activity. *See Dunaway v. New York*, 442 U.S. 200, 213–14 (1979). This standard of probable cause constitutes "the minimum justification necessary to make the kind of intrusion involved in an arrest 'reasonable' under the Fourth Amendment." *Id.* at 208. "[A]n official seizure of the person must be supported by probable cause, even if no formal arrest is made." *Michigan v. Summers*, 452 U.S. 692, 696 (1981) (citing *Dunaway*, 442 U.S. at 212–13). Probable cause is determined at the time of arrest. *See Pritchett v. Alford*, 973 F.2d 30, 312 (4th Cir.1992) (stating that inquiry should be made based on the information possessed by the officer at the time of the arrest). The government bears the burden of demonstrating that a warrantless seizure is reasonable. *See Welsh v. Wisconsin*, 466 U.S. 740, 749–50 (1984); *Vale v. Louisiana*, 399 U.S. 30, 35 (1970); *United States v. Jeffers*, 342 U.S. 48, 51 (1951).

Probable cause is evaluated by the totality of the circumstances, and it is a "practical, nontechnical conception." *Illinois v. Gates*, 462 U.S. 213, 230–31 (1983); *Brinegar v. United States*, 338 U.S. 160, 175–76 (1949). Moreover, it is "a fluid concept - turning on the assessment of probabilities in particular factual contexts - not readily, or even usefully, reduced to a neat set of legal rules." *Illinois*, 462 U.S. at 232.[2]

---

[2] In analyzing the reasonableness of a seizure that is not supported by probable cause, courts are required to evaluate "the law enforcement interest and the nature of the 'articulable facts' supporting the detention." *See Summers*, 452 U.S. at 702. This analysis entails a balancing test because, under the Fourth

6

In the particular factual context presented in this case, Officer Garcia's reliance on facts known at the time of the arrest provided him probable cause to justify Cole's arrest for second-degree assault on October 3, 2011. The fact that the charge was not prosecuted does not support Cole's Fourth Amendment claim, as it does not automatically provide evidence of lack of probable cause.[3] *See Exxon Corp. v. Kelly,* 281 Md. 689, 381 A.2d 1146, 1151 (1978). Cole has failed to show that the charge was filed without probable cause.[4]

At no point in the complaint does Cole reference what illegal action was taken by the Department. He presumably seeks to hold the Department liable for the alleged actions of defendant Garcia. To establish municipal liability on the part of the Department, Cole must show that his harm was caused by a constitutional violation and, if so, that the municipality was responsible for that violation. *See Collins v. City of Harker Heights,* 503 U.S. 115, 122 (1992). A municipality is responsible only when the execution of the government's "policy or custom" inflicts injury. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 694 (1978); *see also Spell v. McDaniel,* 824 F.2d 1380, 1385 (4th Cir. 1987). A municipality cannot be held liable under § 1983 on a respondeat superior theory solely because it employs an alleged tortfeasor. *Monell,* 436 U.S. at 691; *Simons v. Montgomery*

---

Amendment, "reasonableness 'depends on a balance between the public interest and the individual's right to personal security free from arbitrary interference by law officers.'" *United States v. Stanfield,* 109 F.3d 976, 979 (4th Cir. 1997) (quoting *Pennsylvania v. Mimms,* 434 U.S. 106, 109 (1977)) (other citations omitted). Thus, to determine whether Cole's seizure and continued detention were reasonable, "we [must] balance[ ] the intrusion on [Cole's] Fourth Amendment interests against [the] promotion of legitimate governmental interests." *Maryland v. Buie,* 494 U.S. 325, 331 (1990) (citations omitted); *see also United States v. Legg,* 18 F.3d 240, 245 (4th Cir. 1994) (citing *Buie*).

[3] The state court docket shows that Cole's assault charge was nol prossed the following month. *See State v. Cole,* Case No. 5B02143615 (District Court for Baltimore City).

[4] In light of this court's finding regarding Cole's constitutional claims against Officer Garcia, it need not address his qualified immunity argument.

7

*Cnty. Police Officers*, 762 F.2d 30, 34 (4th Cir. 1985). In light of these legal principles, the complaint against the Department shall be dismissed.[5]

## IV. CONCLUSION

Defendants' motions to dismiss plaintiff's § 1983 claim shall be granted.[6] A separate Order shall be entered reflecting the ruling entered in this decision.

Date: 08032015

Paul W. Grimm
United States District Judge

---

[5] Title 28 U.S.C. § 1367(a) states, in part, that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Supplemental jurisdiction, also called pendant jurisdiction, only includes "other claims" related to "claims *in the action*" that convey original jurisdiction. Under supplemental jurisdiction, the federal claim acts as a jurisdictional "crutch." David D. Siegel, Commentary on 1990 Revision, appended to 28 U.S.C.A. § 1367 (West 1993). The complaint presents no federal claims to which the state law claim could attach to convey supplemental or pendant jurisdiction. In the absence of establishing a constitutional deprivation, Cole does not show that this court can exercise supplemental jurisdiction over his state claim under common-law tort and the Maryland Declaration of rights.

[6] Cole's conclusory Eighth and Fourteenth Amendment "cruel and unusual punishment" and "equal protection" claims also shall be dismissed, as Cole has not provided a factual basis for either claim.